```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAUNA KEA RESORT,
                              Plaintiff(s),           **ORDER**
                                                      CV 09-094 (LDW)(WDW)
        -against-

AFFILIATED FM INSURANCE COMPANY,

                              Defendant(s).
-------------------------------------------------------------------X
```

**WALL, Magistrate Judge:**

Before the court, on referral from District Judge Wexler, is a motion to quash a subpoena and for a protective order. Because the motion does not involve a dispositive issue, it can be determined in an order rather than a report and recommendation. For the reasons set forth herein, the motion is GRANTED.

## BACKGROUND

The motion to quash rises out of an action pending in the District of Hawaii in which the plaintiff, Mauna Kea Resort, seeks to recover damages from defendant Affiliated FM Insurance Company, for earthquake damages to hotels owned by the plaintiff. Affiliated, the defendant insurance company, states that the insurance contract between the parties requires that when, as here, the parties do not agree as to the amount of a loss, they must submit to binding appraisal upon the written demand of either party. The appraisal is done by three appraisers - each party appoints one, and the two appraisers choose the third. Affiliated has demanded the appraisal and has identified Jonathan Held of J.S. Held, Inc., as its appraiser. Mauna Kea has resisted the appraisal as premature and has not yet appointed an appraiser, and has served the subpoena at issue on J.S. Held. Because Held is located in Roslyn Heights, New York, the subpoena issued

from the Eastern District of New York, and the motion to quash is thus before this court.

## DISCUSSION

Federal Rule of Civil Procedure 45(c)(3)(a) requires that a court quash a subpoena upon motion if the subpoena, *inter alia*, "requires the disclosure of privileged or other protected matter and no exception or waiver applies." Rule 26(c) provides that a court may, "for good cause," issue a protective order. The party moving to quash the subpoena bears the burden of demonstrating good cause and the privilege or protection that applies. *In re Grand Jury Subpoenas,* 318 F.3d 379, 384 (2d Cir. 2002). Motions to quash are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003). Here, Affiliated makes two primary arguments in support of the motion to quash: first, it argues, discovery directed toward a party-appointed appraiser is limited to grounds not present here, and second, the work product privilege protects the information and documents sought.

Affiliated argues that an appraiser is akin to an arbitrator, and that is "well-founded that a party may not seek discovery from an arbitrator or appraiser prior to the arbitration or appraisal proceedings." DE[2] at 8. Discovery of arbitrators, it urges, is limited by terms of the Federal Arbitration Act ("FAA") and by Canon X of the American Arbitration Association Code of Ethics for Arbitrators in Commercial Disputes. *Id.* Appraisal is construed the same as arbitration under both Hawaii and federal law, and Hawaii has clarified that an insurance policy's appraisal clause, such as the one between these parties, is an agreement to arbitrate for purposes of the FAA. *Id.* (citing *Wailua Assocs. v. Aetna Cas. & Sur. Co.,* 904 F. Supp. 1142, 1148 (D. Haw. 1997); *Miller v. Progressive NW Ins. Co.,* 07-00011, 2007 WL 1341157, at *2 (D. Haw. May 3, 2007; *Christiansen v. First Ins. Co. of Haw.,* 967 P.2d 639, 649 (Haw. Ct. App. 1998,

*aff'd in part and rev'd in part on other grounds,* 963 P.2d 345 (1998)). *See also Mauna Kea Beach Hotel Corp. v. Affiliated FM Insurance Co.,* No. 07-00605 (D. Haw. Mar. 7, 2008). Thus, Affiliated continues, a party-appointed arbitrator is entitled to the same discovery protections as an arbitrator, protections that require that the subpoena be quashed, both as to the deposition and document demand.

One court has observed that post-decision depositions of arbitrators have been "repeatedly condemned" by courts where there is no evidence of bias or impropriety. *See Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 430 (9th Cir. 1996)(internal citations omitted); *see also Lyeth v. Chrysler Corp.,* 929 F.2d 891, 899 (2d Cir. 1991) and cases cited in DE[2] at 8-9. The cases cited limit discovery following arbitrations, but Affiliated reports that it is aware of no rule, case or law that would allow discovery from an appraiser prior to the appraisal, and it is only after completion of an appraisal that discovery may be had on the limited grounds allowed by the FAA for vacation, modification or correction of appraisal awards. *See* 9 U.S.C. §§10 & 11; *T. McGann Plumbing v. Chicago Journeymen Plumbers' Local 130, U.A.,* 522 F. Supp. 2d 1009, 1014 (N.D. Ill. 2007).

The court agrees that Jonathan Held, as a party-appointed appraiser, is protected from the discovery sought in the subject subpoena. In opposition, Mauna Kea argues (in a footnote) that Affiliated has not shown that the immunity afforded an arbitrator would apply here, where the appraisal has not yet occurred and the documents prepared by Held "go to the heart of" Mauna Kea's bad faith claim. DE[7] at 15, n.4. This court notes that the Hawaii District Court denied a motion to compel appraisal, without prejudice to renewal after issues other than the amount of loss have been determined or the parties voluntarily begin appraisal (see DE[13]), but neither that

3

holding nor the fact that the appraisal has not yet taken place controls the decision on this motion to quash. This court recognizes that the appraisal has not begun and that Mauna Kea does not wish to proceed with it now. Nonetheless, Affiliated has chosen Jonathan Held as its party-appointed appraiser, thus triggering the discovery protections discussed *supra*. If a party could obtain discovery from another party's arbitrator or appraiser simply by putting off appointing its own appraiser, the discovery protections would be too easily eviscerated. Moreover, Mauna Kea has made no showing that the documents and information it seeks are unavailable from any source other than Held, and this court sees no reason why the arbitrator/appraiser immunity should not apply. The plaintiff further argues that the discovery sought is relevant. This court takes no position on whether the information sought is otherwise discoverable or may or may not be subject to other privileges, but finds only that it is not obtainable from the party-appointed appraiser. The parties also argue the application of the work-product doctrine to this dispute, but the court need not address that issue. Affiliated has met its burden of showing good cause for a protective order, and the motion to quash and for a protective order is granted.

Dated: Central Islip, New York　　　　　　　　**SO ORDERED:**
　　　　March 4, 2009

　　　　　　　　　　　　　　　　　　　　　　　 /s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge